## John Doyle, Plff. in Err., v. John M. Mays and Josephine, His Wife, in Right of Said Wife.

A warehouseman is liable for injuries to goods stored by him for hire, resulting from his want of ordinary care under the circumstances.

Where there is evidence on the part of a plaintiff, sufficient to submit to the jury, it is not error to refuse binding instructions for the defendant.

(Argued January 20, 1887.   Decided January 31, 1887.)

July Term, 1886, No. 212, E. D., before MERCUR, Ch. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.   Error to the Common Pleas No. 1 of Philadelphia County to review a judgment on a verdict for the plaintiffs in an action of assumpsit.   Affirmed.

The cause of action and the testimony adduced at the trial before BIDDLE, J., are sufficiently set forth in his charge to the jury, which was as follows:

The law makes me responsible in declaring the law to you. You are responsible for the finding of the facts.   This is a wise provision; for if a judge makes a mistake in his statement of the law, it can be reviewed and the mistake corrected.   There is no doubt, as was argued to you by the counsel for the plaintiff, that if a man hires a horse and buggy for use, and returns the buggy to the owner in a damaged condition, that the hirer must explain how the damage occurred.

If he holds his tongue and declines or refuses to give any ex-

NOTE.—A warehouseman or wharfinger is a bailee for hire, and as such liable for the lack of ordinary care.   McCarthy v. New York & E. R. Co. 30 Pa. 247; Rodgers v. Stophel, 32 Pa. 111, 72 Am. Dec. 775.

planation, the law will presume that the damage was occasioned by his fault. That doctrine, however, does not apply to a case like the present. The defendant here has a very large warehouse. The contract between the plaintiff and the defendant was for the storage of goods. The obligation of the defendant was to use ordinary care to furnish a building reasonably fit for the storage of goods. He is not liable except for negligence or the want of proper care under the circumstances. The plaintiff must show the want of reasonable and proper care, upon the part of the defendant. Undoubtedly, if the room was unfit for the storage of furniture, a jury would be justified in finding the defendant guilty of negligence, or if the building was improperly constructed and the defendant undertook to give a place fit for the purpose.

. The allegation of the plaintiff is that the room was constantly damp; not that a leak had at one time occurred, or that the rain had beaten in there once, but that the injury to the furniture was occasioned by the continual dampness. That is the tendency of the testimony on the part of the plaintiff.

The testimony on the part of the defendant goes to show that this warehouse was built upon the best plan; that the walls were built of hard brick; and it was asserted by the builders called by the defendant that it was impossible for dampness to get into the room. Now, the question for you is, Has negligence been shown? that is, Was this room unfit to keep furniture in?

If you are satisfied that the defendant took every precaution to furnish a fit and proper place for the storage of these goods, your verdict should be for the defendant. It appears from the testimony that the plaintiff hired this room and put in there the furniture as he liked; that the defendant had nothing to do with what was put in the room or how it was put in the room. Mr. Mays packed the furniture and goods in the room himself. He was given the key of the room. He left the key with the defendant under an agreement that no one was to be allowed to enter that room except the plaintiff, or someone on a written order from him. Mr. Doyle's contract required him to furnish a room reasonably fit for the purpose; and he would therefore not be liable to the plaintiff except for negligence.

If Mr. Doyle has satisfied you by the evidence that the room furnished by him was reasonably fit for the purpose, then your verdict should be for the defendant. If your verdict should be

for the plaintiff, then you must consider the question of the amount of damages. You are to give the plaintiff only such damages as have been actually sustained. The testimony of the experts called upon the part of the defendant, places the highest estimate as to the repair of the furniture at $75. The plaintiff claims a larger amount, but in making your estimate, you should bear in mind that all of this furniture was old furniture that had been in use a number of years.

The court refused to charge that there is no evidence of negligence on the part of the defendant, and the verdict should be for the defendant, or to charge that the verdict should be for the defendant; and this refusal was assigned as error.

Verdict and judgment were for the plaintiffs for $300.

*Theodore F. Jenkins,* for plaintiff in error.—A warehouseman is not required by law to construct his buildings secure from all possible contingencies, but they are sufficient if reasonably and ordinarily safe against ordinary and common occurrences. Cowles v. Pointer, 26 Miss. 253.

A warehouseman or depositary of goods for hire, being bound only for ordinary care, is not liable for loss arising from accident, when he is not in default; and he is not in default when he exercises due and common diligence. 2 Kent, Com. 5£5; Schmidt v. Blood, 9 Wend. 268, 24 Am. Dec. 143; Knapp v. Curtis, 9 Wend. 60; Moulton v. Phillips, 10 R. I. 218, 14 Am. Rep. 663; Lamb v. Western R. Corp. 7 Allen, 98; Neal v. Wilmington & W. R. Co. 53 N. C. (8 Jones, L.) 482; Forsythe v. Walker, 9 Pa. 148; Schouler, Bailm. 103, 105, 106; Story, Bailm. § 444.

No warranty or obligation is to be implied that the building is absolutely safe. Searle v. Laverick, L. R. 9 Q. B. 122; Walden v. Finch, 70 Pa. 460.

The uncontradicted evidence in the case is that the building of the plaintiff in error was in every respect perfectly adapted for a storehouse. This is shown by the testimony of the best builders in the city of Philadelphia, and their testimony is not in any way impeached or attacked.

Negligence should not be a matter of conjecture; it must be shown affirmatively by those who seek to make it a ground of recovery. Weil v. Express Co. 7 Phila. 88; Clark v. Spence, 10 Watts. 335.

With certain exceptions as to innkeepers and common carriers, the burden of proof of negligence is on the bailor; and proof merely of the loss is not sufficient to put the bailee on his defense. Farnham v. Camden & A. R. Co. 55 Pa. 53; Walden v. Finch, 70 Pa. 460; First Nat. Bank v. Graham, 79 Pa. 106, 21 Am. Rep. 49.

None of the essential facts being in dispute, the defendant had the right to call upon the court to declare the law. Wannamaker v. Burke, 111 Pa. 423, 17 W. N. C. 225-227, 2 Atl. 500.

While it is true that juries are the judges of the credibility of witnesses, they have no unlicensed privilege to accept the uncorroborated assertion of one witness, and disregard, without reason, the opposing and concurring testimony of five equally credible witnesses, with equal opportunities of observation and knowledge. If they do this, however, it is within the power of the court trying the case, and of this court sitting in review, when a proper point raises the question of the sufficiency of the whole testimony, to pass upon that question also, and declare its convictions, notwithstanding the verdict. Mead v. Conroe, 113 Pa. 220, 18 W. N. C. 178-180, 8 Atl. 374.

*Leoni Melick,* for defendants in error.—The defendant not having given any account of how the injury occurred, negligence will be presumed. American Exp. Co. v. Sands, 55 Pa. 141.

A common carrier, under special contract, is subject only to the laws of bailment for reward. Grogan v. Adams Exp. Co. 114 Pa. 523, 18 W. N. C. 478, 60 Am. Rep. 360, 7 Atl. 134.

The principles stated in Searle v. Laverick, L. R. 9 Q. B. 122, and Walden v. Finch, 70 Pa. 460, may be conceded. It was not contended that defendant should furnish a room absolutely safe, but that he should have exercised reasonable care in providing a room which was dry.

PER CURIAM:

Both the errors assigned are to the refusal of the court to give binding instructions to the jury to find for the defendant below. It would have been clear error to so instruct them. The evidence was sufficient to submit to them. There is no error assigned to the manner of the submission.

Judgment affirmed.